# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TROY RENALDO JONES, # 314-436 | * | |
| v. | * | Civil Action No. CCB-14-91 |
| JOHN S. WOLFE, et al. | * | |

***

## MEMORANDUM

Respondents seek dismissal of Troy Renaldo Jones' motion for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, as untimely. Jones was provided an opportunity to explain why the petition should not be dismissed as time-barred, or why principles of equitable tolling apply. He has done so, and the matter is now ripe for disposition. A hearing is deemed unnecessary. *See* Local R. 105.6. For the reasons stated below, the motion will be dismissed as untimely.

## LIMITATIONS PERIOD

A one-year limitations period applies to a habeas petition filed by a person convicted in state court. *See* 28 U.S.C. § 2244(d); *Wall v. Kholi*, 131 S. Ct. 1278, 1282–83 (2011). This one-year period does not run while a properly filed application for post-conviction review is pending, and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)

(citation and internal quotation marks omitted).

## DISCUSSION

Jones is challenging his 2003 judgment of conviction, entered in the Circuit Court for Wicomico County, Maryland. He was convicted of first-degree rape, second-degree rape, first-degree sexual offense, first-degree assault, and kidnapping.

On June 11, 2003, following a bench trial, Jones was found guilty of the above offenses and sentenced to two consecutive terms of life imprisonment with additional sentences to be served concurrently. (*See* Case History, ECF No. 4-1, at 14.) The Court of Special Appeals of Maryland affirmed the judgment, and issued its mandate on September 13, 2004. (*See id.* at 16; Sept. 13, 2004, Mandate, ECF No. 4-2, at 8.) Jones' judgment of conviction became final for direct appeal purposes on September 28, 2004, when the time elapsed for seeking further review by the Court of Appeals of Maryland. *See* Md. Rule 8-302(a) (requiring certiorari petition to be filed in the Court of Appeals no later than 15 days after the Court of Special Appeals issues its mandate).

On July 1, 2005, Jones filed a petition for post-conviction relief in the Circuit Court for Wicomico County. (*See* Case History at 16.) Following a hearing, post-conviction relief was denied on April 27, 2006. (*See id.* at 18.) On January 29, 2007, the Court of Special Appeals denied leave to appeal. (*See* Jan. 29, 2007, Op., ECF No. 4-3, at 1–2.) The Court of Special Appeals issued its mandate on February 28, 2007. (*See* Feb. 28, 2007, Mandate, ECF No. 4-3, at 3.)

On November 26, 2012, Jones filed another petition for post-conviction relief in the circuit court, which was denied on December 27, 2012. (*See* Case History at 18.) The Court of

Special Appeals denied leave to appeal on November 8, 2013, and issued its mandate on December 9, 2013. (*See* Nov. 8, 2013, Op., ECF No. 4-4, at 1–2; Dec. 9, 2013, Mandate, ECF No. 4-4, at 3.)

The Clerk received Jones' § 2254 petition on January 13, 2014. (*See* Petition, ECF No. 1.) For the purpose of assessing timeliness, the court shall deem the petition filed on January 9, 2014, the date it was delivered to prison officials for mailing. (*See id.* at 8.) *See also Houston v. Lack*, 487 U.S. 266, 270–76 (1988) (discussing the prison mailbox rule).

Under these facts, the statute of limitations began to run on September 28, 2004. Pursuant to 28 U.S.C. § 2244(d), there were no state post-conviction or other collateral proceedings to toll the limitations period between: (1) September 28, 2004, and July 1, 2005 (more than nine months), and (2) February 28, 2007, to November 26, 2012 (more than five years). These periods, together, exceed one year.

Jones asserts that his petition should not be dismissed as time-barred because, at his 2006 post-conviction hearing, the presiding judge "did not prepare and file into the record a statement setting forth separately each ground upon which the petition is based, the federal and state rights involved, the court's ruling with respect to each ground, and the reasons for the action taken thereon" as required by Md. Rule 4-407. (Jones' Reply, ECF No. 7, at 1–2.) It appears that Jones is claiming he was denied due process. He does not explain, however, why the purported deficiencies prevented timely filing or why they provide a basis for equitable tolling. Indeed, he offers nothing to suggest that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. Thus, Jones' petition will be dismissed as time-barred.

Finally, as for Jones' assertion that his petition is timely under *Martinez v. Ryan*, 132 S.

Ct. 1309 (2012),[1] the court determines *Martinez* has no bearing on this case.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Jones does not satisfy this standard, and so the court shall not issue a certificate of appealability.

## CONCLUSION

For the reasons stated above, the court will dismiss the petition as untimely. A certificate of appealability shall not issue. A separate order follows.

| | |
|---|---|
| March 31, 2014 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] In *Martinez*, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315.